**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL ANTONIO BOLDEN,

      Plaintiff,                  Civil Action No. 2:10-CV-14822

v.                                  HONORABLE ARTHUR J. TARNOW

CITY OF DETROIT, et. al.,

      Defendants,

_____/

**OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT AND**
**ORDERING SERVICE OF THE COMPLAINT ON THE REMAINING DEFENDANTS**

## I. INTRODUCTION

      This matter is before the Court on Michael Antonio Bolden's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan. [1] The Court has reviewed plaintiff's complaint and now dismisses it in part. The Court will further order that the complaint be served by the United States Marshall's Service upon the remaining defendants.

---

      [1] Plaintiff was incarcerated at the Cotton Correctional Facility when he filed his complaint but has since been transferred to the Carson City Correctional Facility. The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

*Bolden v. City of Detroit, et. al.,* U.S.D.C. 2:10-CV-14822

## II. <u>STANDARD OF REVIEW</u>

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless."  *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28).  A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867.  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such complaints, however,

2

*Bolden v. City of Detroit, et. al.,* U.S.D.C. 2:10-CV-14822

must plead facts sufficient to show a legal wrong has been committed from which

plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d

748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff

must establish that: (1) the defendant acted under color of state law; and (2) the

offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*,

156 F. 3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If

a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must

fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  COMPLAINT

Plaintiff claims that on December 21, 2007, he was subjected to an illegal search

and seizure by members of the Detroit Police Department Gang Squad, during which

time a handgun was found in a car that plaintiff had been a passenger in.  Plaintiff

claims that the police subsequently arrested and charged him with carrying a concealed

weapon, felon in possession of a firearm, and felony-firearm.  Plaintiff claims that some

of the police officers subsequently falsified some of the police reports and fabricated

plaintiff's alleged confession to the crime.  Plaintiff further claims that the police ignored

evidence that the weapon belonged to another person.

Prior to trial, plaintiff filed a motion to suppress the evidence as the fruit of an

illegal search and seizure, which the trial court denied.  Plaintiff went to trial and was

convicted of the above offenses.  Plaintiff claims that the prosecuting attorney ignored

exculpatory evidence in his case and permitted the police officers to commit perjury.

3

*Bolden v. City of Detroit, et. al.,* U.S.D.C. 2:10-CV-14822

Plaintiff further claims that his two court-appointed attorneys provided ineffective

assistance of counsel during the pre-trial and trial stages of his criminal case.

The Michigan Court of Appeals ultimately reversed plaintiff's convictions, holding

that the trial court erred in denying plaintiff's motion to suppress the evidence. *People v.*

*Bolden,* No. 288396 (Mich.Ct.App. November 25, 2009).  The Wayne County Circuit

Court ultimately dismissed the charges against plaintiff. *People v. Bolden,* No. 08-0417

(Wayne County Circuit Court, December 11, 2009).

Plaintiff has now filed a civil rights complaint against several Detroit police

officers; the Wayne County Prosecutor's Office; Kym Worthy, the Wayne County

Prosecutor; Kenyetta Stanford, the assistant prosecutor who tried his case; and his two

court-appointed counsel, Robert Plumpe and Eric Goze.

### IV. DISCUSSION

**A.  The complaint must be dismissed against the prosecutors.**

Plaintiff's action against the Wayne County Prosecutor's Office; Wayne County

Prosecutor Kym Worthy; and assistant prosecutor Kenyetta Stanford must be dismissed

because the prosecutors are immune from suit for actions taken during the prosecution

of plaintiff.

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common

law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d

937, 946 (6th Cir. 2000).  A prosecutor has absolute immunity for all acts "intimately

associated with the judicial phase of the criminal process," such as "initiating a

*Bolden v. City of Detroit, et. al.,* U.S.D.C. 2:10-CV-14822

prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430

(1976).  The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an
> advocate for the state, e.g., acts taken to prepare for the initiation of
> judicial proceedings or to prepare for trial, are protected by absolute
> immunity.  By contrast, a prosecutor who "performs the investigative
> functions normally performed by a detective or police officer" such as
> "searching for the clues and corroboration that might give him probable
> cause to recommend that a suspect be arrested" is entitled only at most to
> qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted).  As with judicial immunity,

the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v.*

*Gibson*, 332 F.3d 1019, 1021 (6th Cir.2003).

In the present case, the decisions by the Wayne County Prosecutor's Office,

Kym Worthy, and Kenyetta Stanford to prosecute plaintiff, their advocacy in court, their

communication with witnesses, and their decisions regarding the disposition of the case

are all part of their roles as advocates for which they are entitled to absolute

prosecutorial immunity.  Therefore, the complaint must be dismissed against these

defendants.

### B.  The complaint must be dismissed against plaintiff's court-appointed lawyers.

Plaintiff's suit against his court appointed attorneys must be dismissed because it

fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.  Court

appointed attorneys or public defenders performing a lawyer's traditional functions as

counsel to a criminal defendant do not "act under color of state law" and are therefore

not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317

*Bolden v. City of Detroit, et. al.,* U.S.D.C. 2:10-CV-14822

(1981).  Even though the defective performance of a criminal defense attorney may

cause the legal process to deprive an accused criminal defendant of his liberty in an

unconstitutional manner, the lawyer who may be responsible for the unconstitutional

action does not act under the color of state law within the meaning of § 1983.  *See*

*Briscoe v. Lahue*, 460 U.S. 325, 329, n. 6 (1983); *See also Dunning v. Yuetter,* 12 Fed.

Appx. 282, 284 (6th Cir. 2001)(criminal defense attorneys did not act under color of state

law, for purpose of § 1983).  The Court will therefore dismiss the case against

defendants Robert Plumpe and Eric Goze.

**C.  The Court will order that service be directed against the remaining defendants.**

The Court will order that the complaint be served upon the remaining defendants

because plaintiff's allegations, if true, could state a claim for which relief could be

granted pursuant to 42 U.S.C. § 1983.  Where a plaintiff is proceeding *in forma*

*pauperis,* the district court must bear the responsibility for issuing the plaintiff's process

to a United States Marshall's Office, who must effect service upon the defendants once

the plaintiff has properly identified the defendants in the complaint. *Williams v.*

*McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th

Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).  The Court will order the United

States Marshall's Office to direct service towards the remaining defendants.

6

*Bolden v. City of Detroit, et. al.,* U.S.D.C. 2:10-CV-14822

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED IN PART WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A) as to defendants Wayne County Prosecutor's Office; Kym Worthy; Kenyetta Stanford; Robert Plumpe; and Eric Goze. [2]

**IT IS FURTHER ORDERED** that defendant's complaint be served upon the remaining named defendants by the U.S. Marshall without prepayment of fees.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:   March 30, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 30, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[2]  The dismissal is without prejudice with respect to any state court remedies that plaintiff may choose to seek against these defendants.

7